IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL A. TAYLOR | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File |
| vs. | ) | |
| | ) | No. |
| | ) | |
| CORELOGIC SAFERENT, LLC | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

### I.   Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

### II.   Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III.   Parties

4. Plaintiff Michael A. Taylor is an adult individual who resides at 4055 Blackhawk Drive, Stone Mountain, GA 30083.

5. Defendant CoreLogic SafeRent, LLC ("SafeRent") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. SafeRent regularly conducts business in the Northern District of Georgia, and has a

principal place of business at 7300 Westmore Road, Suite 3, Rockville, Maryland 20850.

## IV. Factual Allegations

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information").

7. The inaccurate information includes a false criminal history labeling the Plaintiff as a registered sex offender and personal identifying information. Specifically, the inaccurate information includes, but is not limited to, a history of being a registered sex offender relating to "aggravated child molestation" and "child molestation" that does not belong to Plaintiff, but belongs instead to a Michael Lee Taylor whom Plaintiff does not know and is of no relation to Plaintiff.

10. The inaccurate information negatively reflects upon the Plaintiff, and misidentifies Plaintiff as a person who has a criminal background. It appears that Defendant has confused Plaintiff with a person with a similar name and has, as a result of its unreasonable procedures, mixed Plaintiff's background information with that of a registered sex offender.

11. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective landlords, both known and unknown.

12. Plaintiff has applied for and has been denied housing opportunities, including but not limited to, housing opportunities with Colonial Grand at Mount Vernon in Dunwoody, Georgia in 2012. Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's consumer reports with Defendants and that the inaccurate information was a substantial factor for those denials.

13. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost housing opportunity, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

14. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V. CLAIMS

### COUNT ONE - FCRA

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.    JURY TRIAL DEMAND

25. Plaintiff demands trial by jury on all issues so triable.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

(e) An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's consumer reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer information;

(f) An order directing that Defendant send to all persons and entities to whom it has reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected consumer report; and

(g) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

/s/     James Feagle
James Feagle, Esq.
Georgia Bar No. 256916
Skaar & Feagle, LLP
108 E. Ponce de Leon Avenue
Suite 204
Decatur, Georgia 30030
Telephone: (404) 373-1970
Facsimile: (404) 601-1855

Kris Skaar, Esq.
Georgia Bar No. 649610
krisskaar@aol.com
Justin T. Holcombe, Esq.
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
Telephone: (770) 427-5600
Facsimile: 404) 601-1855

Geoffrey H. Baskerville, Esq.
(*pro hac vice* motion forthcoming)
Francis & Mailman, P.C.
100 South Broad Street, 19th Floor
Philadelphia, PA  19110
Telephone:  (215) 735-8600
Facsimile: (215) 940-8000

Date: October 17, 2013                              ***Attorneys for Plaintiff***